Nov. Term,
1856.

THE NEW AL-
BANY AND
SALEM RAIL-
ROAD CO.
v.
CHAMBER-
LAIN.

*W. M. Dunn* and *J. A. Hendricks*, for the appellant.

*F. M. Finch*, for the appellee.

(1) *Ante,* 217.

---

### THE KNIGHTSTOWN AND SHELBYVILLE RAILROAD COMPANY v. LINDSAY, Administrator.

*Friday,*
*December 5.*

*M. M. Ray*, for the appellee.

---

### THE NEW ALBANY AND SALEM RAILROAD COMPANY v. CHAMBERLAIN.

*Friday,*
*December 5.*

APPEAL from the *White* Circuit Court.

*Chamberlain* filed a complaint before a justice of the

peace, against *James Brooks*, president of the *New Albany and Salem Railroad Company*, for the killing of a cow valued at 40 dollars.

The summons was served on the conductor of a railroad train on said railroad by copy, and on the return day of the summons a judgment was rendered against *James Brooks*, president, &c., for the amount claimed, by default, from which he appealed to the Circuit Court. On the calling of the case in the Circuit Court, *Brooks* moved to dismiss the suit for want of sufficient notice and service of process, but the plaintiff interposed a motion for leave to amend his complaint, which was granted, and the complaint changed so as to make the appellant the defendant instead of *Brooks*.

The constable was also permitted to amend his return of service upon the summons, so as to show that it was served upon a conductor of a train of cars on the appellant's railroad; and the Court then ordered the case to stand docketed, and proceed against the appellant instead of against *Brooks*. To all these rulings and orders of the Court, the appellant excepted. The case was submitted to the Court, and the value of the cow found to be 40 dollars, whereupon a judgment was rendered for the sum of 80 dollars, twice her value, and a docket fee of 5 dollars against the appellant.

*Per Curiam.*—As to the amendment in this case, see *Laiman* v. *The New Albany and Salem Railroad Company* at this term (1).

The Court below erred in giving double damages. *Madison and Indianapolis Railroad Company* v. *Whiteneck*, at this term (2).

A remittitur cannot be allowed in this case of simply the double damages; because in the Circuit Court the defendant may have reduced the judgment 19 per cent. below that rendered by the justice, which would leave the sum for which judgment should have been given. We do not know what that reduction was, and hence, there is no certain amount which we can fix as the sum to be remitted.

---

*Margin note:*

Nov. Term, 1856.

THE NEW AL- BANY AND SALEM RAIL- ROAD CO. *v.* CHAMBERLAIN

The judgment is reversed with costs. Cause remanded, &c.

*H. W. Chase* and *J. A. Wilstach*, for the appellant.

*S. A. Huff*, *Z. Baird* and *J. M. Larue*, for the appellee.

(1) *Ante*, 212.   (2) *Ante*, 217.